IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY FERRESE,                       )
                                    )
             Plaintiff,             )
                                    )
     v.                             )    No.  07 C 366
                                    )
VON MAUR, INC.,                     )
                                    )
             Defendant.             )

MEMORANDUM ORDER

Although counsel for plaintiff Mary Ferrese ("Ferrese") invokes federal jurisdiction on diversity of citizenship grounds and Complaint ¶4 speaks in those terms, Complaint ¶1 speaks only in terms of Ferrese's <u>residence</u>. In that respect <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998), quoting <u>Guaranty Nat'l Title Co. v. J.E.G. Assocs.</u>, 101 F.3d 57, 59 (7th Cir. 1996) teaches:

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

But this Court is loath to saddle Ferrese (or her counsel) with another $350 filing fee because of that error (it seems likely, though not certain, that her state of citizenship coincides with her place of residence). If then Complaint ¶1 is properly amended on or before January 30, 2007,[1] this action will

---

[1] Ferrese's counsel should not file a full-blown Amended Complaint for that purpose--a simple one-paragraph amendment will suffice.

not be dismissed[2]--but if no such amendment is timely filed, this Court would be constrained to enter an order of dismissal for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 24, 2007

---

[2] This memorandum order does not of course address the presence or absence of the jurisdictional amount in controversy, something that cannot be ascertained from the Complaint alone.